UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEVELL MOORE,<br><br>                                  Plaintiff,<br><br>     v.<br><br>AMBER FRYER et al.,<br><br>                                  Defendants. | 3:17-cv-00187-RCJ-WGC<br><br>**ORDER** |

**I.    FACTS AND PRECEDURAL HISTORY**

       Plaintiff Devell Moore is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") at Lovelock Correctional Center. He has sued several Defendants in this Court under 42 U.S.C. § 1983. He lists several claims arising out of an argument one Defendant had with his cellmate that ultimately resulted in the Defendant using racial epithets against Plaintiff and holding Plaintiff in his cell when other inmates were not so restricted based on Plaintiff's race. The Court now screens the Complaint under 28 U.S.C. § 1915A.

///

## II. SCREENING STANDARDS

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim, or seek monetary relief from an immune defendant. *See* 28 U.S.C. § 1915A(b). This includes claims based on fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Also, when a prisoner seeks to proceed without prepayment of fees, a court must dismiss if "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

When screening claims for failure to state a claim, a court uses the same standards as under Rule 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency, *see N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983), and dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court treats factual allegations as true and construes them in the light most favorable to the plaintiff, *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), but does not accept as true "legal conclusions . . . cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A plaintiff must plead facts pertaining to his case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Also, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record" if not "subject to reasonable dispute." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.  ANALYSIS

A claim may be dismissed as untimely when the running of the statute of limitations is apparent on the face of the complaint. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). The limitations period for § 1983 actions in Nevada is two years. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). Plaintiff alleges the events at issue

occurred on November 14, 2013, that he filed a prison grievance on that date, and that the grievance was denied. Prisoner complaints under § 1983 are tolled during administrative exhaustion. *Brown v. Valoff*, 422 F.3d 926, 942–43 (9th Cir. 2005). Assuming Plaintiff exhausted the grievance procedures (a prerequisite to filing suit), the longest the claims could have been tolled based on NDOC's grievance procedures is 160 days. (NDOC Admin. Reg. 740.05(12) (45 days to respond to informal grievances and 5 days to appeal); *id.* 740.06(4) (45 days to respond to first level grievances and 5 days to appeal); *id.* 740.07(3) (60 days to respond to second level grievances)). If Plaintiff failed to receive a timely response at any level, the claims would have been immediately exhausted. *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017). Therefore, the statute of limitations on Plaintiff's claims ran no later than two years and 160 days after the date Plaintiff alleges he filed his grievance, i.e., on April 22, 2016. Plaintiff did not file the Complaint until March 28, 2017.

**CONCLUSION**

IT IS HEREBY ORDERED that the Application to Proceed in Forma Pauperis (ECF No. 4) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall FILE the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Complaint is DISMISSED for failure to state a claim, without leave to amend, as amendment would be futile.

IT IS SO ORDERED.

Dated this 16th day of April, 2018.

_____
ROBERT C. JONES
United States District Judge